UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRAVIS THURSTON,

      Petitioner,

v.                                    Case No.: 2:25-cv-00511-SPC-KCD

BUREAU OF PRISON;

      Respondent,
_____/

**OPINION AND ORDER**

    Before the Court is Travis Thurston's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). Thurston has been convicted of crimes in both state and federal court. He is currently serving a state prison sentence. Upon completion of that sentence, Thurston will be returned to federal custody and will serve his federal prison sentence. In his habeas petition, Thurston asks the Court to order the Bureau of Prisons to credit the time served in state prison towards his federal sentence under 18 U.S.C. § 3585. Thurston sought the same relief from the sentencing court in Northern District Court of Florida Case Nos. 4:95-cr-4027-RH-CAS and 4:15-cr-28-RH-CAS. United States District Judge Robert Hinkle denied both motions because Thurston failed to exhaust administrative remedies.

    Thurston's petition acknowledges he still has not exhausted administrative remedies because he is in state custody. That does not relieve

Thurston from the exhaustion requirement. "The Attorney General through the Bureau of Prisons ("BOP"), not the district courts, is authorized under 18 U.S.C. § 3585(b) to compute sentence credit awards after sentencing." *United States v. Chavez*, 712 F. App'x 963, 969 (11th Cir. 2017); *see also United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989) ("the granting of credit for time served is in the first instance an administrative, not a judicial, function").

Because Thurston has not exhausted administrative remedies, this Court lacks jurisdiction to consider his request. As a practical matter, Thurston might not be able to exhaust his remedies until he is returned to BOP custody, but that does not make the remedies unavailable to him. The BOP "has the discretion to retroactively designate a state facility as the place for service of a federal sentence." *United States v. Tubby*, 546 F. App'x 869, 871 (11th Cir. 2013). "[T]his '*nunc pro tunc*' designation has the effect of starting the federal sentence while the defendant is in state custody and running the federal and state sentences concurrently." *Id.* If the BOP declines Thurston's request for such a designation, he may file a habeas petition in the district court serving his place of confinement.

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." Because Thurston is not entitled to habeas corpus relief, the Court must now consider whether he is entitled to a certificate of appealability. It finds that he is not.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Thurston must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El*, 537 U.S. at 335-36. Thurston has not made the requisite showing.

Accordingly, it is now

**ORDERED:**

1. Petitioner Travis Thurston's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate all pending motions and deadlines, enter judgment, and close this file.

3. Thurston is not entitled to a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida on June 20, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:   FTMP-1
Copies:  All Parties of Record